*371] *Matthew Duncan *et al.* executors of Margaret Duncan, for the use of George Frederick Welpner *against* William Wray.

In a suit on a bond assigned, an interposing equity between an obligee and his assignee cannot be tried, where there has been no fraud, and the debt is justly due.

THIS was a motion for a rule to shew cause, why the judgment entered in this cause on the 18th April 1805, should not be opened. The motion was made in December term 1805, upon which proceedings were stayed in the mean time.

The facts were these : Mrs. Margaret Duncan, by her will had directed, that a store house and church should be built by her executors ; and on the 20th December 1804, Matthew Duncan, her acting executor, entered into an agreement with William Hamilton, that he should erect and finish both buildings, within one year, if the same could be conveniently done, Hamilton to furnish the materials. In consideration whereof, Duncan promised to pay him 11,400 dollars, as follows : $500 in part of a bond of $2000, payable on the 1st January 1806, on the 1st April then next, when the bond should be delivered up, another

[Duncan's Ex'rs *v.* Wray.]

sum of $2000 on the, &c. The present defendant, Wray, had executed the bond in dispute to the testatrix, on the 24th February 1801, for $2000, payable on the 1st January 1806, with interest from 1st January 1803. Duncan paid Hamilton $500, on the 5th February 1805, he having before on the 3d January preceding, assigned the bond informally to Hamilton, in the presence of one witness, in pursuance of the agreement, with a covenant therein to guaranty the payment thereof ; and on the 1st April 1805, Hamilton had assigned the bond to George Frederick Welpner, with like covenant of guaranty. Hamilton, in pursuance of the contract, had erected the shell of the buildings, but they were in an unfinished state ; and it was admitted that from his pecuniary difficulties, he was totally incapable of complying with his contract. ˴

Mr. Chauncey in behalf of Welpner, urged that the present contest was between the nominal plaintiffs and *cestui que use ;* and the court were called upon to decide, whether the assignment was valid or not. Wray, the defendant had raised no question, but admitted that the money was justly due ; he only wishes to be secure in his payment.

The executors had made an improvident contract, with a needy workman : they had stipulated for the payment of considerable sums, before the work should be completed : they had sent the bond into market with a guaranty, which was a trap for innocent persons, who would buy the same on their *credit ; the assignee had paid a valuable consideration for it, and [*372 had nothing to do with the agreement, on which the assignment was founded. But if the court should open the judgment, what would be the result ? Could the assignor raise an equity, which could be inquired into in this case ? Could the jury in trial of an issue on this bond, settle the matters in dispute between Duncan and Hamilton ?

The court interrupted him, and expressed their sentiments, that any supposed equity in the executors, could not be heard between the present parties, so as to prevent the assignee from receiving the debt.

They asked Mr. Ingersoll, who had made the motion, whether he knew of any case, where the court had proceeded the length to which this enquiry must necessarily lead ? He answered in the negative, and declined proceeding in the argument.

Motion denied.